UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| TERESA ROMERO, individually and as Special Administrator of the Estate of ADAN ADRIAN MADRID,<br><br>　　　　　　　　　　Plaintiffs,<br>　v.<br>MAITE AU QUIROGA, et al.,<br>　　　　　　　　　　Defendants. | Case No. 2:11-cv-00755-MMD-GWF<br><br>ORDER |

**I.   SUMMARY**

Before the Court is Plaintiff's Third Amended Application for Default Judgment Against Defendant Maite Au Quiroga ("the Motion"). (Dkt. no. 84.) For the reasons discussed herein, the Motion is denied.

**II.   BACKGROUND**

The Complaint arises from the tragic death of Plaintiff's minor child while he was residing in the foster home of Defendant, who at the time was a licensed foster parent. The Complaint asserts claims against County of Clark and other County related parties ("Clark County Defendants"), who are not the subject of the Motion, based on their alleged failures and deliberate decisions relating to the foster care program in general and the wrongful death of Plaintiff's minor child in particular. Plaintiff ultimately settled her claims with the Clark County Defendants with Clark County agreeing to pay $46,600.00. (Dkt. no. 70-1.) The Court approved this settlement. (Dkt. no. 75.)

Plaintiff asserts a single claim for negligence against Defendant. The allegations against Defendant are essentially found in three paragraphs of the Complaint:

> 68. Defendant MAITE AU QUIROGA owed a duty to act with reasonable care in maintaining a home for ADAN ADRIAN MADRID and acting as foster parent for him at the direction of the County Defendants.
>
> 69. Defendant MAITE AU QUIROGA breached this duty of care owed to Plaintiffs by failing to ensure that ADAN ADRIAN MADRID was kept in an environment safe and secure for a child of his age, so that he could be returned to his mother pursuant to reunification efforts that should have been conducted by DFS and its caseworkers.
>
> 70. As a result of the named Defendants' breach, ADAN ADRIAN MADRID is dead, thus depriving Plaintiffs of their familial association with each other and causing ADAN ADRIAN MADRID to sustain severe terror, pain and suffering, mental injuries, severe mental anguish and death, suffering damages in excess of $10,00.00.

(Compl. at 14, dkt. no. 84-5.[1])

The Complaint does not offer specific allegations relating to the circumstances that led to the death of Plaintiff's minor child. In support of the Motion, Plaintiff submitted her Affidavit where she describes the circumstances that led to her son's death:

> 3. It is my understanding that on May 26, 2009, Ms. Quiroga left Adan, age 3, alone and unsupervised in a bedroom. That bedroom also contained a clear plastic bag, which my young child somehow placed over his head. He apparently suffocated due to the plastic bag cutting off his airflow, and he was discovered about an hour later.

(Dkt. no. 84-2 at ¶ 3.)

Defendant was served with the Summons and Complaint on April 5, 2011. (Dkt. no. 12.) On June 8, 2011, Defendant submitted a letter to the Court explaining that she cannot respond to the Complaint due to her personal circumstances. (Dkt. no. 10.) The Clerk entered default on June 21, 2011. (Dkt. no. 13.) To date, Defendant has not responded to the Complaint or otherwise appeared.

The Court had previously denied Plaintiff's second motion for default judgment for failure to file points and authorities in support of her motion in compliance with Local

---

[1] The Complaint attached to the Petition for Removal (dkt. no. 1) is missing page 14. Thus, the Court refers to the copy of the Complaint attached to the Motion. (Dkt. no. 84-5.)

Rule 7-2(d) or address the legal standard governing default judgment. The Court granted Plaintiff leave to refile her request to address these deficiencies. However, Plaintiff's Motion continues to be deficient.

## III. DISCUSSION

Obtaining a default judgment is a two-step process governed by the Federal Rules of Civil Procedure. *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986). First, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Second, after the clerk enters default, a party must seek entry of default judgment under Rule 55(b).

Upon entry of default, the court takes the factual allegations in the non-defaulting party's complaint as true. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987) (citation omitted). Nonetheless, although entry of default by the clerk is a prerequisite to an entry of default judgment, "a plaintiff who obtains an entry of default is not entitled to default judgment as a matter of right." *Warner Bros. Entm't Inc. v. Caridi*, 346 F. Supp. 2d 1068, 1071 (C.D. Cal. 2004) (citation omitted). Instead, whether a court will grant a default judgment is in the court's discretion. *Id.*

The Ninth Circuit has identified the following factors as relevant to the exercise of the court's discretion in determining whether to grant default judgment: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claims; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to the excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel*, 782 F.2d at 1471-72.

Plaintiff has satisfied the procedural requirements for default judgment pursuant to Fed. R. Civ. P. 55(b). The Clerk properly entered a default against Defendant pursuant to Fed. R. Civ. P. 55(a). (Dkt. no. 13.) Insofar as Defendant has not answered or

///

otherwise responded to the Complaint, the notice requirement of Rule 55(b)(2) is not implicated. Thus, there is no procedural impediment to entering a default judgment.

There are, however, substantial deficiencies in the *Eitel* factors that affect the Court's exercise of discretion. The Court first notes that Plaintiff did satisfy several *Eitel* factors. There is a possibility of prejudice to Plaintiff if default judgment is denied, particularly when there is no evidence that the default was due to Defendant's excusable neglect. Defendant is aware of this action as evidenced by her letter to the Court so any possibility of excusable neglect is negligible. There is also no possibility of a dispute concerning a material fact because the Court must accept the allegations in the Complaint as true, although the Court does not find negligence liability based on the scant records presented.

However, Plaintiff's Motion does not address the merits of her negligence claim and the sufficiency of the Complaint in any meaningful way. She repeats the general allegations that, as a foster parent, Defendant "has duty to act with reasonable care in maintaining a home" and Defendant breached this duty because "she did not act with reasonable care in maintaining such a home." (Dkt. no. 84 at 4.) Plaintiff offers no legal authority to support her claim that a foster parent owes the duty of reasonable care that she is seeking to impose and does not explain how that duty was breached. While Plaintiff does allege that the minor child died from suffocation while in Defendant's care, this allegation is not sufficient for the Court to impose negligence liability on the foster parent. Plaintiff's Motion raises questions as to liability, such as whether Nevada law imposes negligence liability on a licensed foster parent and how Defendant failed to act responsibly in supervising the minor child. Plaintiff's Affidavit shows that she lacks personal knowledge as to the circumstances that led to the child's death. Plaintiff also offers no evidence or records, such as that which would have been produced as part of the investigation into the incident, to support her allegations.

The allegations in the Complaint are not sufficient to establish negligence liability against Defendant. The specific allegations against Defendant consist of three

paragraphs that contain general recitations of the elements of a negligence claim. While Defendant is mentioned several times in the paragraphs under the "General Allegations," this was in reference to the Clark County Defendants' conduct (i.e., Defendant was able to violate statutes and administrative codes because the minor child did not receive required visits by the case worker, or the minor child was deprived of basic human needs while in Defendant's care because Clark County Defendants acted with deliberate indifference). (Compl. at 7-8.) Indeed, it is not clear from the Complaint what happened that led to the minor child's death and what Defendant allegedly did or failed to do.

The Court is required to consider the sum of money at stake in relation to the seriousness of Defendant's conduct. However, Plaintiff does not offer a consistent reason to support her claim for $350,000.00 in damages against Defendant Quiroga. The Motion relies on a formula based on future lost earnings while Plaintiff's Affidavit explains that the basis for the damage calculation is her understanding that similar cases have settled for approximately $350,000.00. It is not clear from the Motion or Affidavit whether these cases involved payments by the responsible agency or the foster parent. Moreover, Plaintiff does not explain the significant gap between the settlement amount from Clark County Defendants ($46,000.00) and the amount she seeks from Defendant Quiroga ($350,000.00), particularly when the majority of the allegations and claims in the Complaint are directed against Clark County Defendants. Based on the evidence presented, the Court cannot conclude that Plaintiff has established that she is entitled to recover damages against Defendant Quiroga for $350,000.00.

In light of deficiencies discussed above and the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits, the Court cannot exercise its discretion to grant default judgment.

## IV.  CONCLUSION

It is therefore ordered that Plaintiff's Third Amended Application for Default Judgment Against Defendant Maite Au Quiroga (dkt. no. 84) is denied without prejudice.

///

Plaintiff is given leave to bring another motion for default judgment to cure the deficiencies identified in this order, but must do so within thirty (30) days.

DATED THIS 21st day of November 2013.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE