UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| TERESA ROMERO, individually and as Special Administrator of the Estate of ADAN ADRIAN MADRID,<br><br>Plaintiff,<br>v.<br>MAITE AU QUIROGA, et al.,<br><br>Defendants. | Case No. 2:11-cv-00755-MMD-GWF<br><br>ORDER |

## I. SUMMARY

Before the Court is Plaintiff's Fourth Amended Application for Default Judgment Against Defendant Maite Au Quiroga ("the Motion"). (Dkt. no. 89.) The Court denied previous applications for default judgment without prejudice to Plaintiff to brining another application to address the deficiencies outlined in the Court's previous orders. The Court finds that Plaintiff has properly addressed these deficiencies and therefore grants Plaintiff's Application.

## II. BACKGROUND

The relevant facts and procedural history are recited in the Court's previous Order (dkt. no. 87). In that Order, the Court found that Plaintiff has satisfied the procedural requirements for default judgment pursuant to Fed. R. Civ. P. 55(b). However, the Court denied Plaintiff's application for default judgment, finding that Plaintiff failed to establish several factors under *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986).

### III. DISCUSSION

In *Eitel v. McCool*, 782 F.2d 1470, the Ninth Circuit identified the following factors as relevant to the exercise of the court's discretion in determining whether to grant default judgment: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claims; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to the excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Id.* at 1471-72. The Court previously found that Plaintiff failed to demonstrate the merits of her negligence claim and the sufficiency of the Complaint. The Court also questioned Plaintiff's premise for seeking $350,000.00 in damages.

Plaintiff's current Application adequately addresses the deficiencies outlined in the Court's previous Order. In terms of the merits of Plaintiff's claim and sufficiency of the Complaint, the information in the Coroner's Autopsy Report (dkt. no. 88-5) augmented the allegations in the Complaint to demonstrate negligence liability against Defendant. Given Defendant's failure to participate in this case, the Court must resolve any potential factual dispute in favor of Plaintiff. Moreover, requiring further evidence would be highly prejudicial to Plaintiff because Plaintiff cannot conduct any discovery against Defendant. Plaintiff cannot be expected to continue to litigate against a party who has refused to appear. The Court thus finds that Plaintiff has established her negligence claim against Defendant based on the allegations in the Complaint and the information in the Coroner's Autopsy Report.

While the amount of damage is substantial, particularly given the amount of settlement reached with the Clark County Defendants, the Court finds that Plaintiff has provided a sufficient basis to distinguish Clark County Defendants' conduct and support her damage request against Defendant.

/ / /

/ / /

## IV. CONCLUSION

It is therefore ordered that Plaintiff's Fourth Amended Application for Default Judgment Against Defendant Maite Au Quiroga (dkt. no. 88) is granted. The Clerk of the Court shall enter judgment against Defendant Maite Au Quiroga in the amount of $350,000.00. It is further ordered that Plaintiff's alternative motion to remand this case to state court (dkt. no. 89) is denied as moot.

DATED THIS 8th day of January 2014.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE